'FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

97 MAR 25 AM 9: 28

U.S. DISTRICT COURT
N.D. OF ALABAMA

MICHAEL LEE THATCH,                    )
                                       )
          Petitioner,                  )
                                       )
vs.                                    )        Case No. CV 96-B-0320-NE
                                       )
JOHN E. NAGLE, Warden;                 )
ATTORNEY GENERAL OF THE                )
STATE OF ALABAMA,                      )
                                       )        ENTERED
          Respondents.                 )
                                       )        MAR 2 5 1997

MEMORANDUM OF OPINION

        This is an action by an Alabama state prisoner, Michael

Lee Thatch, pursuant to 28 U.S.C. § 2254, challenging the constitu-

tional validity of the first-degree robbery conviction he received

in the Circuit Court of Madison County almost seventeen years ago

on June 12, 1980.  This second petition for writ of habeas corpus

challenging the conviction was filed on February 9, 1996.  Pursuant

to the Habitual Felony Offender Act, he is serving a sentence of

life without parole in the William Donaldson Correctional Facility

in Bessemer, Alabama.  Although this matter was referred initially

to a magistrate judge, the reference is now withdrawn.

## Procedural History

On May 22, 1980, the petitioner was convicted by a jury in the Circuit Court of Madison County for first-degree robbery in violation of Alabama Code § 13A-8-41 (1975). He was sentenced on June 12, 1980, pursuant to the Alabama Habitual Felony Offender Act to life without parole. Petitioner appealed to the Alabama Court of Criminal Appeals, raising five issues alleging that the Alabama Habitual Felony Offender Act is unconstitutional and that his prior convictions were not properly proved at the sentencing hearing. On January 20, 1981, the Alabama Court of Criminal Appeals affirmed his conviction. Thatch v. State, 397 So. 2d 246 (Ala. 1981). Rehearing was denied on February 24, 1981, and the Alabama Supreme Court denied writ of certiorari on April 24, 1981.

On July 15, 1982, the petitioner filed a petition for writ of error coram nobis in the Circuit Court of Madison County, claiming that the Alabama Habitual Felony Offender Act is unconstitutional as applied to him. On September 30, 1983, he filed a second petition for writ of error coram nobis, attacking his arrest and confession and making allegations of ineffective assistance of counsel. After a hearing, the Madison County Circuit Court Judge denied both petitions on December 15, 1983. The Alabama Court of Criminal Appeals affirmed by memorandum. Thatch v. State, 428 So. 2d 1381 (Ala. Cr. App. 1983).

2

On September 20, 1989, petitioner filed a third petition for relief pursuant to Temporary Rule 20, Temp.A.R.Crim.P., in the Circuit Court of Madison County alleging three grounds for relief: (1) ineffective assistance of counsel; (2) violation of his privilege against self-incrimination; and (3) newly discovered facts. On October 12, 1989, the Circuit Court of Madison County denied the petition, holding that this petition was successive and that petitioner's newly discovered facts consisted simply of new legal advice he received from another inmate. On June 15, 1990, the Alabama Court of Criminal Appeals affirmed the denial of relief. Thatch v. State, 567 So. 2d 1375 (Ala. Cr. App. 1990).

Petitioner filed his fourth petition for relief on February 23, 1993, raising two issues: (1) the Alabama Habitual Felony Offender Act is unconstitutional as applied to him; and (2) newly discovered material facts exist. The Madison County Circuit Court Judge denied the petition. Petitioner appealed the denial of the petition to the Alabama Court of Criminal Appeals on April 5, 1993, and filed a brief on May 26, 1993, arguing that the Alabama Habitual Felony Offender Act is unconstitutional as applied to him and that newly discovered material facts exist. On August 13, 1993, the Alabama Court of Criminal Appeals affirmed the denial of relief.

On October 13, 1993, the petitioner filed his first petition for habeas corpus relief in this Court alleging that the

3

Alabama Habitual Felony Offender Act is unconstitutional as applied to him because other defendants who should have received habitual offender treatment under the Act did not, and, therefore, the Act has been applied selectively and discriminatorily.   On May 31, 1994, a magistrate judge recommended that summary judgment be granted in favor of the respondents and that the petition be denied.   United States District Judge William M. Acker, Jr., adopted the magistrate judge's recommendation and denied the petition on June 20, 1994.  There is no indication of an appeal.

On January 11, 1995, the petitioner filed a Rule 32 petition in the Circuit Court of Madison County raising three grounds for relief: (1) that he received ineffective assistance of trial counsel because his attorney (a) improperly advised him to plead guilty to grand larceny that had been nolle processed in 1979, and (b) failed to advise him that the prior grand larceny conviction would be used to enhance his sentence to life without parole pursuant to the Habitual Felony Offender Act, and wrongly advised him that he would only get three years for pleading guilty to that charge; (2) that his conviction was obtained by the use of evidence obtained pursuant to an unlawful arrest; and (3) that his conviction was obtained by the use of evidence obtained pursuant to an unconstitutional search and seizure.   On March 6, 1995, the Madison County Circuit Court denied the petition stating:

4

The Court having considered this, the peti-
tioner's fifth petition for post conviction
relief, and having considered the State's
response, the record and pleadings in this and
Petitioner's previous post conviction cases as
well as the record of Petitioner's original
plea, finds that the instant petition is not
well taken and is due to be denied for the
following reasons:

> Petitioner's instant petition is
> procedurally barred because all of
> Petitioner's claims (which involve
> some claim of a violation of his
> Constitutional rights) fall beyond
> the limitations period of Rule
> 32.2(c). Petitioner's petition is
> also procedurally barred pursuant to
> Rule 32.2(b) and 32.2(a)(4) because
> Petitioner either raised the same or
> similar grounds in his prior peti-
> tions or Petitioner could have,
> through reasonable diligence, raised
> any of these claims.

The petitioner appealed, and, on July 7, 1995, the Alabama Court of

Criminal Appeals affirmed stating:

> Affirmed by Memorandum. The judgment of the
> circuit court is affirmed. Thatch appeals
> from the circuit court's denial of his fifth
> Rule 32 petition contesting his 1980 convic-
> tion for first degree robbery and sentence of
> life without parole. We find that all of the
> petition's grounds, which are as follows, are
> procedurally barred by the expiration of the
> limitations period, Rule 32.2(c): (1) ineffec-
> tiveness of trial counsel on an underlying
> grand larceny conviction that was used to
> enhance Thatch's sentence for the robbery
> conviction; (2) an unreasonable, illegal
> search and seizure; and (3) an illegal arrest,
> not based upon a warrant or probable cause.
> In regard to ground (1), we also note that a

5

petition for postconviction relief from a
conviction in which enhanced punishment was
imposed may not be used to challenge the
validity of an underlying prior felony convic-
tion. <u>McHarris v. State</u>, 623 So. 2d 400 (Ala.
Cr. App. 1993). Because the above issues were
procedurally barred from the circuit court's
consideration, they are also barred from our
consideration. Thatch's issue on appeal that
his plea to the underlying grand larceny
conviction was not in compliance with Rule
14.4 and <u>Boykin v. Alabama</u>, 395 U.S. 238
(1969), was not presented in the instant
petition. Moreover, it would have succumbed
to the bars noted above.

The petitioner filed this second petition for writ of
habeas corpus on February 9, 1996, alleging four grounds for
relief: (1) that his sentence was improperly enhanced pursuant to
a prior conviction for grand larceny that had been nolle processed;
(2) that his conviction was obtained pursuant to an unconstitu-
tional search and seizure; (3) that his conviction was obtained
pursuant to an illegal warrantless arrest; (4) that he received
ineffective assistance of trial counsel because his attorney
improperly advised him to plead guilty to grand larceny that had
been nolle processed and failed to advise him that the prior grand
larceny conviction would be used to enhance his robbery conviction.
Pursuant to the court's order to show cause, the respondents filed
an answer on April 18, 1996, supported by exhibits. By order of
April 29, 1996, the parties were notified that the petition would
be considered for summary disposition, and the petitioner was

notified of the provisions and consequences of this procedure under Rule 8 of the <u>Rules Governing § 2254 Cases</u>.  The petitioner filed a response on May 20, 1996.

Abuse Of the Writ[1]

Rule 9(b) of the <u>Rules Governing Section 2254 Cases in the United States District Courts</u> provides:

> <u>Successive petitions.</u>  A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

This rule authorizes the dismissal of two types of habeas claims: first, those which were previously litigated on the merits and, second, those which could have been, but were not presented in an earlier habeas petition. <u>Collins v. Zant</u>, 892 F.2d 1502, 1505 (11th Cir. 1990); <u>Gunn v. Newsome</u>, 881 F.2d 949, 956-57 (11th Cir. 1989). Dismissal of the former type of habeas claims is based on the

---

[1]     Because this petition was filed <u>before</u> the effective date of the habeas amendments contained in the Antiterrorism and Effective Death Penalty Act of 1996, the court does not believe that petitioner is required to obtain leave of the court of appeals to file it. <u>See</u> 28 U.S.C. § 2244(a)(3)(A); <u>Hunter v. United States</u>, 101 F.3d 1565 (11th Cir. 1996).

successive-petition rule, and the latter is based on the abuse of
the writ doctrine.  The latter applies to the present case.

        The initial burden of pleading abuse of the writ rests
with the state, but once the defense has been raised with clarity
and particularity, the burden shifts to the petitioner to disprove
the abuse or to show cause for his failure to assert the claim in
the earlier habeas action. McCleskey v. Zant, 499 U.S. 467, 111 S.
Ct. 1454, 113 L. Ed. 2d 517, 545 (1991).  The respondents have
adequately pled an abuse of the writ, outlining the claims asserted
herein and the claims included in the 1993 petition.  Hence, the
burden rests on the petitioner to explain why he failed to assert
the claims in his previous federal habeas petition.

        To meet this burden, the petitioner must show both
(1) cause for failing to raise them in the earlier petition, and
(2) actual prejudice resulting from the error of which he com-
plains. McCleskey, 113 L. Ed. 2d at 544-45.  Cause requires a
showing of some external impediment that prevented the petitioner
from alleging the claims in the previous action. McCleskey, 113 L.
Ed. 2d at 544.  As stated by the Court, "[f]or cause to exist, the
external impediment, whether it be governmental interference or the
reasonable unavailability of the factual basis for the claim, must
have prevented petitioner from raising the claim." McCleskey, 113
L. Ed. 2d at 547.

8

The claims raised in the instant petition were factually available to the petitioner at the time of his 1993 petition, and he has failed to show any external impediment that interfered with his assertion of the present claims in the 1993 petition. Petitioner clearly was aware of these claims when the 1993 action was filed, yet, for whatever reason, he either failed or chose not to assert them then. Consequently, he fails to meet the burden of establishing "cause" imposed upon him by McCleskey.[2]

If a petitioner cannot show cause for failure to raise a claim in an earlier petition, the court may nonetheless excuse the abuse of the writ in extraordinary cases "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. at 496. This narrow exception to the "cause and prejudice" standard is known as the "miscarriage of justice" exception.[3] The plurality opinion in Kuhlmann v. Wilson, 477 U.S. 436, 106 S. Ct. 2616, 91 L. Ed. 2d 364 (1986) stated that a prisoner must make a "colorable showing of innocence" such that the trier of fact, based on all of the evidence, whether or not admissible or available at trial, would

---

[2] Since the petitioner is unable to demonstrate cause, it is unnecessary to address the "prejudice" aspect of the McCleskey standard.

[3] The "miscarriage of justice" exception to the cause and prejudice standard parallels the "ends of justice" exception previously applied in abuse of the writ cases.

9

have contemplated some reasonable doubt of his guilt. <u>Kuhlmann</u>, <u>supra</u>, 477 U.S. at 454  n. 17; <u>see also</u> <u>Sawyer v. Whitley</u>, 505 U.S. ___, 112 S. Ct. 2514, 120 L. Ed. 2d 269 (1992).   The Court concludes that the petitioner has failed to allege that the ends of justice would require the court to entertain these claims; there simply is no showing, colorable or otherwise, that petitioner is factually innocent.   Thus, petitioner's claims are due to be dismissed as an abuse of the writ.

## Conclusion

Accordingly, for the reasons stated above, the court concludes that the petition for writ of habeas corpus under 28 U.S.C. § 2254 is due to be dismissed with prejudice.  By separate order, the court will dismiss the petition.

DATED this __24th__ day of March, 1997.


Sharon Lovelace Blackburn
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

10